UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| ABDIFATAH MUSE MOHAMED, | CIVIL NO. 13-2066 (PJS/JSM) |
|---|---|
| Petitioner, | REPORT AND RECOMMENDATION |

v.

DEPARTMENT OF
HOMELAND SECURITY, et.al.,

Respondents.

This matter is before the Court on petitioner's petition under 28 U.S.C. §2241 requesting release from detention pending his removal. [Docket No. 3]. This matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) [Docket No. 1].

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner filed a petition under 28 U.S.C. §2241 requesting release from detention pending his removal to Somalia [Docket No. 1]. The respondents filed a response to the Petition on September 9, 2013. [Docket No. 8]. On October 24, 2013, respondents filed a pleading stating that U.S. Immigrations and Customs Enforcement had released petitioner from custody pending his removal. Respondents' Supplemental Return to Petition for Writ of Habeas Corpus and Order to Show Cause. [Docket No. 11]. Respondents sought dismissal of petitioner's petition as moot. Id., pp. 1-5. In support of this request, respondents submitted the declaration of Dustin J. Halverson, a Deportation Officer for the U.S. Department of Homeland Security, Immigration and

1

Customs Enforcement (ICE), Enforcement and Removal Operations. [Docket No. 12]. Halverson stated that on September 25, 2007, an Immigration Judge ordered petitioner removed from the United States to Somalia. Id., ¶2. Petitioner did not appeal this decision and the Order of Removal became final on September 25, 2007. Id. On October 21, 2013, petitioner was released from ICE custody subject to an Order of Supervision. Id., ¶4.

On October 29, 2013, this Court issued an Order requiring petitioner to serve and file a response to respondents' Supplemental Return on or before November 12, 2013. Order, p. 1 [Docket No. 14]. Specifically, if petitioner objected to the dismissal of his petition as moot, he was required to set forth the basis for his objection. Id. The Order further stated that if petitioner failed to respond in the time allowed, the Court would issue a Report and Recommendation to the District Court recommending that his petition be dismissed as moot.

Petitioner has not responded to respondents' Supplemental Return.

## II. DISCUSSION

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life . . . and a federal court can no longer grant effective relief, the case is considered moot." Id. (internal quotations omitted). When a petitioner has been released from custody pending his deportation, he has received all the relief he has requested, making his petition moot. See Ali v. Cangemi, 419 F.3d 722, 724 (8th Cir. 2005) (reversing and vacating the judgment of the district court, remanding the case to

2

the district court, and instructing the district court to dismiss, without prejudice, the application for a writ of habeas corpus as moot). Therefore, petitioner's petition should be dismissed without prejudice as moot.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Abdifatah Muse Mohamed's Petition for Writ of Habeas Corpus [Docket No. 3] be **DISMISSED WITHOUT PREJUDICE** as moot.

Dated: November 18, 2013                     *Janie S. Mayeron*
                                              JANIE S. MAYERON
                                              United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 2, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.